# NO. 12-12-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *COREY DARNELL WEBB,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Corey Darnell Webb appeals his conviction for aggravated assault of a public servant, for which he was sentenced to imprisonment for fifty years. He further challenges the trial court's denial of his amended motion to withdraw his guilty plea as well as the juvenile court's order transferring the matter to district court. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Following a discretionary transfer of this matter from juvenile court,[1] Appellant was charged by indictment with aggravated assault of a public servant and pleaded "not guilty." The matter proceeded to a jury trial. During trial, Appellant elected to change his plea to "guilty." The trial court admonished Appellant, took his plea of guilty under advisement, and ordered a presentence

---

[1] Appellant was a juvenile when the facts giving rise to this case occurred. On August 26, 2010, the juvenile court entered an order of discretionary transfer to the district court and, further, ordered that Appellant be "dealt with as an adult."

investigation report.  Thereafter, Appellant moved to withdraw his "guilty" plea.  The trial court denied Appellant's motion.  Ultimately, the trial court found Appellant "guilty" as charged and sentenced him to imprisonment for fifty years.   This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.   He further relates that he is well acquainted with the facts in this case.   In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2]   We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).   We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.   Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion

---

[2] Counsel for Appellant certified in his brief that he provided Appellant with a copy of the brief.   Appellant was given time to file his own brief in this cause.   The time for filing such a brief has expired and no pro se brief has been filed.

for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2013**

**NO. 12-12-00011-CR**

**COREY DARNELL WEBB,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 007-1350-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*